# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDIO OSTI and THERESA ANN OSTI,<br><br>Plaintiffs<br><br>v.<br><br>ROBERT SHAW, McKEE FOODS CORPORATION, and McKEE FOODS TRANSPORTATION, LLC,<br><br>Defendants | No. 3:10cv00183<br><br>(Judge Munley) |

## MEMORANDUM

Before the court is the motion to dismiss from the complaint all allegations of recklessness pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion was filed by Defendants Robert Shaw, McKee Foods Corporation, and McKee Foods Transportation, LLC ("defendants"). The motion has been fully briefed and is ripe for disposition.

## BACKGROUND

### Facts

This action arises out of a motor vehicle collision that occurred on May 14, 2008. (Doc. 1, Complaint ¶ 12). Plaintiff Claudio Osti and Defendant Robert Shaw were driving eastbound on Interstate 84 in Wawaynda, New York. (Id. ¶¶ 12-13). Claudio Osti was driving a 2007 Hyundai vehicle and Robert Shaw was driving a 2007 Volvo tractor unit, pulling an enclosed box trailer. (Id.) Plaintiffs claim that Defendant Shaw was driving a company owned vehicle within the course and scope of his agency and/or employment under the direction and control of Defendants McKee Foods Corporation and McKee Foods Transportation, LLC. (Id. ¶¶ 13-14). Plaintiffs assert that at all pertinent times, McKee Foods Transportation, LLC was a wholly-owned subsidiary of McKee Foods

1

Corporation. (Id. ¶ 8).

Plaintiffs allege that at approximately 5:08 a.m., the tractor-trailer operated by Defendant Shaw impacted the rear of Claudio Osti's vehicle. (Id. ¶ 16). As a result, Plaintiff Claudio Osti claims to have suffered several serious injuries, and subsequently was required to have a hip replacement surgery. (Id. ¶ 23). The plaintiffs initiated this action, alleging that Plaintiff Claudio Osti sustained several "severe, painful, disabling, and permanent injuries" as a result of defendants' negligence carelessness, and/or reckless. (Id.) Theresa Ann Osti has brought a loss of consortium claim as a result of the alleged negligence, carelessness, and/or recklessness of the defendants. (Id. ¶ 31).

**Procedural History**

The Complaint was filed by Claudio and Theresa Ann Osti (collectively "plaintiffs") on January 25, 2010. (Doc. 1, Complaint). Waivers of service were entered by McKee Foods Transportation, LLC on April 1, 2010, and by Robert Shaw and McKee Foods Corporation on April 2, 2010. (Docs. 10-12). Defendants filed this motion on April 4, 2010 to dismiss all allegations of recklessness pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15). Both parties have briefed this issue, bringing the case to its present posture.

**JURISDICTION**

Plaintiffs Claudio and Theresa are both citizens and residents of the Commonwealth of Pennsylvania. (Doc. 1, Complaint ¶¶ 1-2). Defendant Robert Shaw is a citizen and resident of the Commonwealth of Virginia. (Id. ¶ 4). Defendant Companies McKee Foods Corporation and McKee Foods Transportation, LLC are both Tennessee corporations with their principal places of business in Tennessee. (Id. ¶¶ 5-6). Thus, there is

complete diversity of citizenship between the plaintiffs and the defendants. The amount in controversy in this action exceeds $75,000.00. (Id. ¶ 11). Thus, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because this court is sitting in diversity, the substantive law of Pennsylvania applies. Chamberlain v. Giampapa, 220 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**STANDARD**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next state of litigation." Id. at 234-235.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot

3

be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Philips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Defendants ask this court to dismiss plaintiffs' claims regarding defendants' alleged recklessness and seek to prevent plaintiffs from seeking punitive damages. (Doc. 15). Defendants' claim that plaintiffs have failed to allege any facts that defendants were reckless, and that plaintiffs' claims that defendants acted recklessly should be dismissed. (Doc. 16 at 6). We disagree.

At this stage, plaintiff has alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each element of their recklessness claims. Phillips, 515 at 234 (quoting Twombly, 550 U.S. at 556). The burden is on the defendants as the moving parties to show that the plaintiff has failed to state a claim. See Kehr Packages, Inc. v. Fidelor,

4

Inc., 926 F.2d 1406, 1409 (3d Cir. 1991), cert. denied, 501 U.S. 1222 (1991). While the defendants have accurately described Pennsylvania law regarding recklessness, they have not met their burden required to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under Pennsylvania law, a jury may award punitive damages only where evidence shows that a defendant knows, or has reason to know of facts which create a high degree of physical harm to another, and deliberately proceeds to act in conscious disregard of, or indifference to such risk. Burke v. Maassen, 904 F.2d 178, 181-82 (3d Cir.1990) (citing Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097 (Pa. 1985).

The issue here is whether plaintiffs should be entitled to discovery to support their claims of recklesness. See Lindsay v. Kvortek, 865 F. Supp. 264, 268 (W.D. Pa. 1994) (citing Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In Lindsay, the court found that the defendant had not met his burden to support a motion to strike the plaintiffs' claims that the defendant had acted recklessly. 865 F. Supp. at 269. In that case, the plaintiffs alleged that a defendant was reckless because he was driving too fast for conditions during a blinding snow storm, he passed plaintiffs in an uncleared lefthand lane, and he failed to maintain control of his vehicle, causing injuries to the plaintiffs. Id. The court denied the defendant's motion, and found that at an early stage of litigation, a court "cannot assume that plaintiffs will be unable to present any evidence to support a claim for punitive damages." Id.

In Logue v. Logano Trucking Co., the plaintiff alleged that a defendant knowingly took a dangerous vehicle onto a public highway and operated that vehicle in a reckless manner causing injury to the plaintiff. 921 F.Supp. 1425, 1427-28 (E.D. Pa. 1996). More specifically, it was

alleged that the defendant truck driver, as the defendant trucking company's agent and servant, operated that truck for more than the number of hours permitted by law, and operated an overloaded tractor trailer truck with improperly adjusted brakes at an excessive, unreasonable and imprudent rate of speed so that the truck could not stop for a red light, resulting in injuries to the plaintiff. Id. at 1427. From these facts, the court found that it was fair to infer that the driver created a high degree of risk to the plaintiff and other travelers, and that defendants conducted their actions in deliberate disregard or indifference to the risks to other drivers. Id. at 1428 (citing Feld v. Merriam, 485 A.2d 742, 748 (Pa. 1984)). Thus, the Eastern District of Pennsylvania found that the plaintiff alleged sufficient facts to survive a motion to dismiss as to claims of recklessness or gross negligence. Id. at 1428.

In this case, plaintiffs allege that Mr. Shaw operated his tractor trailer unit when he knew or should have known that the operation of his rig was in violation of federal regulations, that he knowingly violated federal regulations, and that he consciously disregarded the rights and safety of Plaintiff Claudio Osti. (Doc. 17, Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss, 8 citing Doc. 1, Complaint ¶ 19 (v) - (y)). Similarly, plaintiffs have alleged that Defendants McKee Foods Corporation and McKee Foods Transportation, LLC knowingly violated the Federal Motor Carrier Safety Regulations and that they failed to act upon and remedy the known violations of federal law and industry standards. (Id. citing Doc. 1, Complaint ¶¶ 20(b), (h), (n), (o), (r),(s), (t); 21(b), (h), (n), (o),(r),(s), (t)). As discussed in Logue and Lindsay, an allegation that a defendant knew or should have known of a high degree of risk to others, and that a plaintiff acted recklessly or indifferently, causing injuries to a plaintiff is sufficient to survive a motion to dismiss under Pennsylvania law.

As in Lindsay and Logue, at this stage, it is fair to infer under these facts that the defendants created a high degree of risk to Plaintiff Claudio Osti and other travelers, and that they acted in deliberate disregard or indifference to that risk. "The complaint must be read in the light most favorable to the plaintiffs and all well-pleaded material allegations in the complaint must be taken as true." Lindsay, 865 F. Supp. at 269 (citing Estelle v. Gamble, 429 U.S. 97 (1976)). To rule otherwise would make it nearly impossible for any plaintiff to bring a claim of recklessness or gross negligence that could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Such questions are more properly addressed by the court after discovery upon a motion for summary judgment.

Here, defendants have fair notice of the claims against them, and the grounds supporting such claims. Defendants have not met their burden necessary to dismiss the claims of recklessness against them.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss will be denied. An appropriate order follows.

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDIO OSTI and THERESA ANN OSTI,<br><br>**Plaintiffs**<br><br>v.<br><br>ROBERT SHAW, McKEE FOODS CORPORATION, and McKEE FOODS TRANSPORTATION, LLC,<br><br>**Defendants** | No. 3:10cv00183<br><br>(Judge Munley) |

## ORDER

AND NOW, to wit, this 23rd day of August 2010, the defendants' motion to dismiss (Doc. 15) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court